UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:11 CR 270 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>AMENDED ORDER GRANTING</u> |
| | ) | <u>COMPASSIONATE RELEASE</u> |
| | ) | |
| NICHOLAS WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Mr. Walker's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A) (i) For Immediate Compassionate Release. (ECF #71). Mr. Walker seeks an order reducing his sentence to time served for "extraordinary and compelling circumstances" within the meaning of and purpose of 18 U.S.C. §3582(c)(1)(A) and U.S.S.G. §1B1.13. The government has indicated that it objects to the request on procedural grounds.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program. Program Statement 1330.18; 28 C.F.R. 542(B), or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."

Mr. Walker claims that he filed a Request for Compassionate Release/Reduction in Sentence on August 5, 2019. The BOP claims that it never received the August 5, 2019 request for relief from Mr. Walker. The evidence presented in Mr. Walker's Motion for a hearing on this issue shows that a request for immediate compassionate release was filed with the BOP on August 5, 2019, by way of a letter provided to the Warden of FCI Ashland, where Mr. Walker is currently being housed. (ECF #73, Ex. A, B, C, D, and E). The Court also took testimony from Mr. Walker at a hearing on October 17, 2019, in which he stated that one of his counselors at the BOP, Ms. Beth Koster, discussed his request with him on multiple occasions, including once, as early as August 6, 2019. The Court finds that Mr. Walker's testimony was credible, and taken in combination with the evidence attached to his Motion for Hearing establishes that the BOP did receive his request no later than August 6, 2019. No action had been taken by the BOP to address Mr. Walker's request within thirty days of his submission of the August 5, 2019 request and no answer was provided until October 11, 2019,[1] well after Mr. Walker sought intervention from this Court. Therefore, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), this Court has the ability to consider Mr. Walker's request directly.

In order to qualify for a reduction under 18 U.S.C. §3582(c)(1)(A)(i), the Commission requires that the Defendant prove the existence of "extraordinary and compelling reasons," which justify the request. Mr. Walker's circumstances do not match with any of the specific delineated reasons described by the Sentencing Guidelines in §1B1.13, Application Note 1(A)-(C). However, under subsection (D) of the note, the Court may also consider other "extraordinary and compelling reasons" not specifically articulated. If such reasons exist and the defendant is not a danger to the safety of any other person or the community, a court may order

---

[1] On October 11, 2019, the BOP Warden in charge of Mr. Walker's facility issued a denial of his request, acknowledging receipt of the request only as of September 25, 2019, the date the Assistant United States Attorney assigned to this case forwarded a copy of Mr. Walker's request to the institution as part of her investigation into the matter.

the reduction of sentence. Although rehabilitation, in itself, is not grounds for a reduction under these provisions, the Court should consider post-offense developments under §3553(a), in order to take into account the "most up-to-date picture" of the defendant's history and characteristics. *See*, U.S.S.G. §1B1.13, Application Note 3.

Mr. Walker is a veteran, who served as a combat medic for the United States Army on over 200 mounted and dismounted combat missions during Operation Iraqi Freedom. He received numerous medals and commendations for his service. (ECF #53). Upon his return he suffered from severe post-traumatic stress disorder and other mental health issues that were originally mis-diagnosed. The uncontested details of his service experiences and resulting mental health issues are more fully outlined in his original sentencing memorandum, and in his Memorandum in Support of this motion, and are incorporated as if re-written here. (ECF #53, 71). It appears as if his untreated and/or mistreated mental health issues spiraled him into drug abuse and eventually to the criminal activities he pled guilty to in this case.

Mr. Walker pled guilty to charges of armed bank robbery, brandishing a firearm during the commission of a felony, and bank robbery, and was sentenced to a total of 132 months in the BOP. He did not appeal his conviction or sentence, and has been granted no prior reductions by this Court. The BOP did reduce his sentence to 114 months through the application of "good time credits." Mr. Walker has been incarcerated now for over 100 months and was scheduled to be transferred to a halfway house in Mississippi on December 10, 2019.[2] He has had no behavioral infractions during his incarceration, and has reportedly paid his restitution amount, in full. The Warden's belated denial of his request for compassionate release acknowledges the following:

---

[2] According to an attorney for the BOP, Mr. Walker was transferred into a halfway house on December 11, 2019, following this Court's original Order (ECF #75), which is, hereby, amended.

>You have had no supervised release violations. Your institutional adjustment has been good. You have completed 21 programs while incarcerated at FCI Ashland, and are currently enrolled in a VET support group. You have received no incident reports while incarcerated in the Bureau of Prisons. You grew up in a good home and were raised by your parents. You had a stellar recommendation from your unit sergeant while serving in the United States Army. You have served 8 years, 5 months, and 19 days on a 132-month sentence. You are eligible for Home Confinement on March 4, 2020, and approved for Residential Reentry Center (RRC) placement starting December 10, 2019, in Tulepo, Mississippi. You are currently 34 years old, and were 26 when you were incarcerated. You plan to live with your friend/employer upon your release to Oxford, Mississippi.

Despite recognizing the above cited positive factors, the Warden denied Mr. Walker's request based on a failure to provide medical documentation of his mother's incapacitation; a failure to meet any of the specific guidelines for compassionate release and a generalized reference to the severity of his original crime.

In addition to his history and his record of incarceration,[3] Mr. Walker cites his desire to aid his terminally ill mother, both emotionally and financially, as his main reason for seeking immediate release. He has provided undisputed evidence to the Court to show that his mother is suffering from Acute Myeloid Leukemia ("AML"). Her prognosis is not good, and she requires expensive, non-traditional treatment due to a genetic issue that diminishes her response to more traditional treatments. The treatments available to her are generally less effective, higher risk, and higher cost than those available to other patients.

Mr. Walker also has obtained a contract to write a second novel,[4] which will allow him to support himself and contribute in a meaningful way upon his discharge from the BOP. The payments from this project would allow Mr. Walker to contribute to his mother's medical costs

---

[3] The Court may consider all relevant circumstances when considering a request for reduction of sentence, including factors that were known at the time of the original sentencing.

[4] While incarcerated, Mr. Walker wrote a book that has received many excellent reviews from major outlets, has been translated into a multitude of languages, and is now going to be made into a motion picture. Internationally renowned directors, the Russo Brothers purchased the movie rights.

and cost of living, as well as to set himself up as a self-sustaining and productive member of the community.

Taking into consideration Mr. Walker's history; the circumstances leading up to his crime; his acceptance of responsibility not just with regard to the conviction but as demonstrated through the meaningful use of his time in prison; the failing health of his mother; his extraordinary job opportunity and the good that would allow him to do for his family and his community; and, the minimum time left remaining on his sentence; the Court finds that Mr. Walker has provided sufficiently extraordinary and compelling reasons to justify an alteration of his current sentence under 18 U.S.C. §3582(c)(1)(A)(i), and §1B1.13, Application Note 1(D) of the Sentencing Guidelines. The Court, therefore, grants Mr. Walker's request for compassionate release and Orders that his sentence be reduced to time served. He is subject to five years of supervised release. It shall be a condition of his supervised release that he maintain his current placement at the halfway house in Tupelo, MS for a minimum of six months, and as long as his supervised release officer deems necessary. Mr. Walker shall also be subject to all other mandatory, standard, and special conditions of supervised release as outlined in his original Judgment Entry, including participating in any mental health and/or substance abuse treatment that may be recommended by his supervising officer.

Mr. Walker shall be permitted to travel outside the district without regard to the usual ninety-day waiting period for purposes of visiting his mother, so long as he is otherwise in compliance with the terms of his supervision. Any such travel shall be for reasonable periods of time and subject to whatever conditions may reasonably be imposed by the Reentry Center and/or his supervising officer.

Maintaining Mr. Walker's placement in the Reentry Center coupled with permission, under the appropriate conditions of supervision, to travel occasionally to see his mother and assist with her care, will address the extraordinary and compelling issues raised in his request,

while ensuring that his integration back into the general community will be successful and the community will remain safe.

      For these reasons, Mr. Walker's motion for Compassionate Release (ECF #71) is GRANTED.  Mr. Walker's sentence is amended to reflect a sentence of time served.   IT IS SO ORDERED.

                                                 /s/ Donald C. Nugent
                                                 DONALD C. NUGENT
                                        Senior United States District Judge

DATE:  October 24, 2019